[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12548
Non-Argument Calendar

_____

D. C. Docket No. 05-00101-CV-1-DHB-WLB

M. D. SEEMA L. MISHRA,
on her own behalf, individually, and
on behalf of her patients, both private
pay and those receiving Medicaid or
Medicare from the federal government
or financial assistance for health care
from the State of South Carolina,

Plaintiff-Appellant,

versus

DOCTORS HOSPITAL OF AUGUSTA, LLC,
and its parent, The Corporation of America
(sic, Healthcare Corporation HCA, Inc.,
privately and under color of law of America),

Defendants-Cross-
Claimant-Appellees,

THE CENTER FOR PRIMARY CARE,

Defendant-Cross-
Defendant-Appellee,

JIM LARSON, GALEN HOLDCO, LLC,
privately and under color of law, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 3, 2009)

Before TJOFLAT, EDMONDSON and HILL, Circuit Judges.

PER CURIAM:

This appeal arises from the district court's order compelling arbitration and subsequently confirming the arbitrator's award of damages, fees and costs against plaintiff for violating her recruitment agreement with defendants. We have reviewed the parties' briefs and the record excerpts and conclude that the district court did not err in compelling arbitration or in affirming the arbitration award.

Plaintiff did not substantiate her denial of the arbitration contract with evidence sufficient to made the denial colorable. *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 855 (1th Cir. 1985). Nor did she demonstrate that the subsequent award falls into those narrow circumstances where we are authorized to set it aside. *See First Options of Chicago, Inc., v. Kaplan*, 514 U.S. 938, 942 (1995). She has shown neither fraud, partiality, misconduct nor malfeasance on the part of the arbitrator. Nor has she demonstrated that the award was arbitrary, violative of public policy or entered in manifest disregard of the law. *See Scott v.*

2

*Prudential Sec. Inc.*, 141 F.3d 1007, 1017 (11th Cir. 1998). In the absence of such showings, we are without authority to vacate the award.

Accordingly, the district court's Order affirming the arbitrator's award and judgment for defendants is hereby

AFFIRMED.